UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CliC Goggles, Inc., CliC Eyewear Inc., and Eyewear From Barcelona, S.L.,<br><br>Plaintiffs,<br><br>v.<br><br>Palm Beach Accessories, Inc.,<br><br>Defendant. | Case No. 0:23-cv-62236-JB |

**PLAINTIFFS' MOTION FOR HEARING ON DISCOVERY DISPUTE**

In accordance with the Court's Order Setting Discovery Procedures (Dkt. 27), Plaintiffs CliC Goggles, Inc., CliC Eyewear Inc. (collectively "CliC"), and Eyewear From Barcelona S.L., respectfully move for a hearing on **September 5, 2024 at 11:30**[1] to resolve the following discovery disputes. Plaintiffs are prepared to appear in-person on September 5, 2024 but to limit costs associated with these issues and in the interest of efficiency, Plaintiffs request a remote hearing. Defendant agreed to proceeding remotely should the Court permit.

**BACKGROUND**

Plaintiffs filed suit against Defendant Palm Beach Accessories ("PBA") for patent infringement, trademark infringement, false designation of origin, and unfair competition. (Dkt. 14). On April 22, 2024, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint alleging false patent marking in connection with its investigations into Plaintiffs patent marking

---

[1] Per the Court's Discovery Procedures Order (Dkt. 27), LCR 7.1, and LCR 26.1(g)(2)(C), the parties agreed to a mutual extension of the 28-day deadline in LCR 7.1. Pursuant to the Court's Discovery Order and LCR 7.1, Plaintiffs also reached out to Defendants to request their availability for a hearing date on the discovery disputes here, called the Court's chambers on August 2, 2024 to inquire about available dates, and filed this Motion for Hearing upon receiving a date from the Court's chambers.

QB\91392827.1

practices related to this litigation. (*See* dkt. 34-1, pp. 1–6). Plaintiffs' Motion for Leave is currently pending before the Court. (Dkt. 34-1). No Scheduling Order has been entered.

## DISCOVERY DISPUTES

*First*, the parties dispute whether PBA must provide responses to Plaintiffs' requests targeting discovery on PBA's patent marking practice, in support of Plaintiffs' unfair competition claim and its false marking claim. (*See* Plaintiffs' Request for Admission No. 18, Interrogatory No. 8, and Requests for Production Nos. 24, 31, and 32).[2] *Second*, the parties also dispute whether PBA must produce responsive, non-privileged documents regarding PBA's selection and adoption of the SNAP mark, under which PBA has sold the Accused Products and marketed its infringing use of CliC's CLIC mark and logo at issue. (*See* Plaintiffs' Request for Production Nos. 10 and 23). *Third*, and finally, the parties are at an impasse on whether PBA will produce one sample of the Accused Products Plaintiffs have not already purchased. (*See* Plaintiffs' Request for Production No. 14).

Pursuant to the Court's Discovery Procedures Order, the parties' pre-filing efforts as to these requests is briefly described below.

**I.     Status of Prefiling Efforts Related to First Discovery Dispute (PBA's Refusal to Allow Discovery into its Patent Marking Practices).**

Plaintiffs' Request for Admission No. 18, Interrogatory No. 8, and Requests for Production Nos. 24, 31, and 32 target the discrete issue of PBA's patent marking practice.

In its first set of responses to PBA's discovery requests served on Plaintiffs June 28, 2024, PBA objected to these Requests on a number of grounds, including that that PBA considered these Requests irrelevant to the claims in the case. (*See* 2024.06.28 Defendant's Responses to First

---

[2] Pursuant to the Court's Discovery Procedures Order (Dkt. 27), Plaintiffs shall provide all source materials relevant to the discovery disputes discussed herein, via email to torres@flsd.uscourts.gov, no later than Noon E.T. on Monday, September 2, 2024.

Requests for Admission, Answer to First Interrogatories, and Responses to First Document Requests). Specifically, PBA objected that Request for Admission No. 18 is "not related to any pending claim in this case but rather to a claim currently subject to motion practice." (*Id.*). PBA objected that Interrogatory No. 8 to the extent the Interrogatory inquired into issues "currently subject to a pending motion" and refused to provide a response. (*Id.*). PBA objected to Request for Productions Nos. 24, 31, and 32, "to the extent it seeks information that is not relevant to any pending claim in this case" and refused to produce responsive documents. (*Id.*).

For all these requests, PBA stood on its objections, without stating which of its listed objections provided grounds for PBA's complete refusal to respond or to agree to any production under the request. PBA did not offer to meet and confer concerning these requests.

Plaintiffs wrote to PBA on July 1, 2024, seeking supplementation of these and other deficient responses to Plaintiffs' discovery requests and seeking a meet and confer. (2024.07.01 – Loken to Toft re Discovery Deficiencies). On July 15, 2024, PBA responded, stating PBA was not obligated to respond to any of these Requests while Plaintiffs' Motion for Leave is pending. (2024.07.15 PBA Letter in Response to CliC Deficiency Letter). PBA indicated it would only respond if Plaintiffs' Motion for Leave was granted, and asserted that until that time, these Requests are "irrelevant." (2024.07.15 PBA Letter in Response to CliC Deficiency Letter).

The parties met and conferred to discuss this and other discovery issues on July 16, 2024. However, PBA continued to assert that is had no obligation to respond to these Requests before the Court ruled on Plaintiffs' Motion for Leave.

On July 23, 2024, Plaintiffs sent another letter to PBA outlining the ongoing deficiencies in its discovery responses, and confirmed that the Parties were at an impasse on Plaintiffs' discovery requests related to PBA's patent marking. (2024.07.23 – Loken to Toft re PBA

3

Discovery Deficiencies). Plaintiffs indicated once more that these requests were in fact relevant, provided authority for their relevance even absent the false marking claim being added, and also noting their relevance to *at least* Plaintiffs' unfair competition claim. (*Id.*).

On July 24, 2024, PBA served supplemental responses to Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production. (2024.07.24 PBA's First Supplemental Responses to Plaintiffs' RFAs, ROGs, and RFPs). These supplements did not remove PBA's relevancy objections for Plaintiffs' requests related to PBA's patent marking practices and PBA continued to assert that it was standing on its objections. (*Id.*).

The parties meet a final time regarding PBA's deficiencies on July 25, 2024. At this meeting, Plaintiffs again confirmed that PBA would not change its position and was refusing to provide any discovery into PBA's patent marking practices. Plaintiffs' notified PBA it would seek to compel this discovery. (2024.07.30 email requesting availability for hearing).

As Plaintiffs informed PBA, information about PBA's patent marking practices is necessary and relevant to Plaintiffs' currently pending patent marking claim. And regardless, Plaintiffs are entitled to information relevant to their claims, pending or not. *See Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, No. 15-CV-1259 (JPO), 2016 WL 5372843, at *5 (S.D.N.Y. Sept. 26, 2016) (the plaintiff collected discovery concerning the defendant's patents where the defendant's products had patent marking, even before the plaintiff moved to add false marking claim); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 649 (S.D. Fla. 2009) ("Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."). Moreover, Plaintiffs advised the request were necessary to determine whether PBA has engaged in deceptive trade practices relevant to Plaintiffs' unfair competition claim. *See e.g.*, *Original Brooklyn Water Bagel Co., Inc. v. Bersin Bagel Grp., LLC*,

817 F.3d 719, 726 (11th Cir. 2016) (discussing claims for deceptive and unfair trade practices under Florida law that included the defendant's "false claims to hold patented technology.").

**II.   Status of Prefiling Efforts Related to Second Discovery Dispute (Requests for Production Nos. 10 and 23, Seeking Discovery into PBA's Selection and Adoption of the SNAP Mark, Under Which It Sold the Accused Products).**

In its initial discovery responses, PBA asserted that it was standing on its objections "pending a meet and confer" in Response to Plaintiffs' Requests for Production Nos. 10 and 23. (2024.06.28 Defendant's Responses to First Document Requests). Requests Nos. 10 and 23 seek information related to PBA's selection and adoption of the SNAP mark, under which PBA has sold the Accused Products and marketed its infringing use of Plaintiffs CliC Goggles, Inc. and CliC Eyewear Inc.'s mark and logo at issue. (*See* Dkt. 14, ¶¶ 51–55 & Ex. K). In Plaintiffs' July 23, 2024 deficiency letter, Plaintiffs raised the issue of PBA's refusal to produce any documents under this Request. (2024.07.23 – Loken to Toft re PBA Discovery Deficiencies).

PBA supplemented its responses on July 24, 2024, but did not remove any of its objections to these Requests and continued to refuse production pending a meet and confer. (2024.07.24 PBA's First Supplemental Responses to Plaintiffs' First Set of Document Requests).

At the parties' July 25, 2024 meet and confer, Plaintiffs offered to narrow the temporal scope of a number of its Requests, including Request Nos. 10 and 23, to only documents from April 2021 to the present. However, PBA asserted that the SNAP mark was not relevant to the issues in the case, and stated that it would not produce non-privileged, responsive documents in PBA's possession, custody, and control. Therefore, though parties reached an agreement regarding a number of Requests, they were unable to resolve their dispute about Request Nos. 10 and 23. (2024.07.30 email requesting availability for hearing).

"The Federal Rules of Civil Procedure strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of any party.'" *Regency of Palm Beach*, 259 F.R.D. at 648 (quoting Fed. R. Civ. P. 26(b)(1)). As discussed above, relevant discovery is therefore "not limited to issues raised by the pleadings." *Id*. at 649 (quoting *Oppenheimer Fund*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). Nevertheless, Plaintiffs *have* specifically pled that PBA used the SNAP mark *at least* to infringe the CliC mark and logo at issue and to engage in unfair competition. (Dkt. 14, ¶¶ 53–55, 69–70, 101–03); *Regency of Palm Beach*, 259 F.R.D. at 649. Plaintiffs specifically pled that PBA's use of the domain name <clicmagneticeyewear.com>, which included *redirecting traffic to <snapmagneticglasses.com>*, thereby causing actual customer confusion as to affiliation between Plaintiffs and the SNAP mark, infringed Plaintiffs' trademark rights and constituted unfair competition. (Dkt. 14, ¶¶ 53–55, 69–70, 101–03).

**III.    Status of Prefiling Efforts Related to Third Discovery Dispute (Requests for Production No. 14 Seeking PBA to Provide Samples of its Accused Products).**

In its initial discovery responses, PBA also asserted that it was standing on its objections "pending a meet and confer" in Response to Plaintiffs' Requests for Production No. 14. 2024.06.28 Defendant's Responses to First Document Requests. Request No. 14 sought "two (2) physical samples of each of the Accused Products." Plaintiffs' July 23, 2024 deficiency letter raised this issue and provided supporting authority. (2024.07.23 – Loken to Toft re PBA Discovery Deficiencies (citing *Env't Mfg. Sols., LLC v. Peach States Labs, Inc.*, No. 6:09-cv-395-Orl-28DAB, 2010 WL 11473872, at *3 (M.D. Fla. Oct. 18, 2010)). The parties met and conferred on the Request on July 25, 2024.  Plaintiffs agreed to narrow the Request to seeking only one sample of only the Accused Products not already in Plaintiffs' possession. This amounted to nine (9)

accused glasses, which Plaintiffs provided to PBA on July 29, 2024. (2024.07.29 Email providing list of samples requested).

PBA supplemented its responses to Plaintiffs' Requests for Production on July 30, 2024. (2024.07.30 PBA's Supplemental Responses). In PBA's service email, PBA's counsel indicated it was "looking into" the samples issue and would circle back. (2024.07.30 PBA service email). Plaintiffs followed up on the samples issue on August 1, 2024. (2024.08.01 Shirreff email *re* availability and samples). PBA has yet to respond whether it will be agreeing to provide the requested samples.

Accordingly, in order to preserve Plaintiffs' rights under the Court's local rules, Plaintiffs include Request No. 14 for consideration at the Parties' September 5 hearing. Should the Parties resolve this issue, they will inform the Court.

Dated this 2nd day of August, 2024.

Respectfully submitted,

/s/ Kelli A. Edson
Kelli A. Edson
Florida Bar No. 179078
QUARLES & BRADY LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL  33602
Tel.: 813.387.0300
Fax: 813.387.1800
Kelli.Edson@quarles.com
Lauren.Gibson@quarles.com
DocketFL@quarles.com

Lori Anderson Ruhly (*Pro hac vice*)
Kristin Graham Noel (*Pro hac vice*)
Bryce A. Loken (*Pro hac vice*)
QUARLES & BRADY LLP
33 E. Main Street, Suite 900
Madison, WI 53703-3095
Tel.: 608.251.5000
Fax: 608.251.9166
Lori.Ruhly@quarles.com
Kristin.Noel@quarles.com
Bryce.Loken@quarles.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), Plaintiffs' counsel conferred with Defendant's counsel in a good faith effort to resolve the issues set forth in this motion. The parties meet and conferred on July 16, 2024 and on July 25, 2024, via remote video, and also exchanged correspondence related to the discovery dispute herein. Despite these efforts, and as set forth above, the parties have not been able to resolve the aforementioned discovery disputes.

*/s/ Kelli A. Edson*
Kelli A. Edson

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on August 2, 2024 with a copy of this document via the Court's CM/ECF system:

Adam Wolek
FOX ROTHSCHILD LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL  33401
awolek@foxrothschild.com

Lukas Toft
FOX ROTHSCHILD LLP
33 South 6th Street, Suite 3600
Minneapolis, MN  55402
ltoft@foxrothschild.com

    /s/ Kelli A. Edson
    Kelli A. Edson